FILED

JUN 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH RAFFATH SILLARS, an individual, | Nos. 08-17502 |
| Plaintiff-Appellant, | D.C. No. 3:07-cv-00041-LRH-RAM |
| v. | |
| STATE OF NEVADA, EX REL., ITS DEPARTMENT OF EMPLOYMENT, REHABILITATION, AND TRAINING, EMPLOYMENT SECURITY DIVISION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted June 13, 2010[**]
San Francisco, California

Before: RYMER and FISHER, Circuit Judges, and RIPPLE, Senior United States

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Circuit Judge.***

Elizabeth Raffath Sillars brought this action under Title VII and 42 U.S.C. § 1983, alleging that she had been subjected to sexual harassment in the workplace by a coworker. She contends that her employer did nothing to remedy the harassment and retaliated against her when she filed an internal complaint. The district court entered summary judgment for the defendants and Sillars appeals. We affirm.

I

Sillars's evidence that she was subjected to sexual harassment is insufficient to withstand summary judgment. The treatment that Sillars faced in her workplace did not amount to actionable harassment. To give rise to liability under Title VII, harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). That is, the harassment must "create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive." *Id.* We agree with the district court that the conduct in which Sillars

_____

*** The Honorable Kenneth F. Ripple, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

describes her coworker as engaging is, as a matter of law, insufficiently severe or pervasive to permit a jury to find in favor of Sillars.

II

The district court also properly entered summary judgment on Sillars's retaliation claims. A plaintiff sets forth a prima facie case of retaliation under Title VII or § 1983 by demonstrating that (1) she engaged in an activity protected either by Title VII or by the First Amendment, respectively; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (Title VII); *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (First Amendment). For particular treatment at work to amount to an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted).

Sillars claims that she suffered an adverse employment action when she was

3

moved to a different "team" to separate her from the coworker whose conduct she had reported. Sillars is correct that, under the law of this circuit, a lateral transfer *may* constitute an adverse employment action. *See Ray v. Henderson*, 217 F.3d 1234, 1241, 1243 (9th Cir. 2004); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375-76 (9th Cir. 1987); *St. John v. Employment Dev. Dep't*, 642 F.2d 273, 274 (9th Cir. 1981) . However, as the Supreme Court recently has noted, "[w]hether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *White*, 548 U.S. at 71 (internal quotation marks omitted). Sillars has presented no evidence that the position to which she was moved differed in any material way from the position she occupied prior to her complaints, either with respect to her responsibilities or the conditions under which she performed them. She admits that persons in her position are transferred to new teams as a matter of routine and that another employee uninvolved in the conflict was transferred with her. Sillars also contends that she generally was treated less kindly following her complaint, and that this treatment should be considered an adverse employment action. No reasonable factfinder could conclude that Sillars suffered any conditions that would amount to a materially adverse action. *See id.* at 68 ("An employee's decision to report

4

discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.").

Sillars also claims that she was constructively discharged. Given our resolution of her harassment claim and her retaliation claim, we cannot say that the conditions of Sillars's employment were so intolerable that she was constructively discharged.

AFFIRMED.